**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHRIS GABRIELE,

          Plaintiff,

-against-

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, POLICE OFFICER
WILLIAM JOIE Individually and in his
Official Capacity, AND "JOHN DOES"
1-5, Individually, and in their Official Capacities,

          Defendants.
-----------------------------------------------------------------X

CV-12 1122

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 07 2012 ★
LONG ISLAND OFFICE

Docket No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**



SPATT, J.

Plaintiff, CHRIS GABRIELE, by his attorneys, The Law Offices Kenneth M. Mollins, P.C., as and for his complaint against the Defendants (hereinafter collectively "Defendants") or individually as "Defendant_____") respectfully alleges as follows:

**STATEMENT PURSUANT TO LOCAL RULE 9**

1. For the purposes of complying with Local Rule 9, the Plaintiff states that he has no corporate parent, subsidiary or affiliate and that there are no other interested parties.

**INTRODUCTION**

2. This is a civil action for damages and equitable relief to redress defendants' deprivation of Plaintiff's rights under the Constitution of the United States. Plaintiff has been deprived of his rights under the First, Fourth and Fourteenth Amendments by reason of defendants' harassment of and adverse actions against plaintiff and threats to his liberty in retaliation for Plaintiff's exercise of free

-1-

speech, and the making of lawful police reports against a Police Officer of the County of Nassau, and his dutiful and proper carrying out of his rights as a citizen.

## JURISDICTION AND VENUE

3. This action is brought to for violations of Plaintiff's federally protected rights pursuant to 42 U.S.C. §1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986; as well as New York state law, to redress the deprivation under the ordinance, custom and usage of all rights, privileges, and immunities secured to the Plaintiff by the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the Constitution of the United States, and all the laws and statutes thereunder.

4. Each Defendant conducts business activities in, among other places, Nassau County, which is within the Eastern District of New York. Accordingly, venue lies in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(a)(1) and (C).

5. The jurisdiction of the Court over this controversy is based upon 42 U.S.C. § 2000e-5(f) and 29 U.S.C. 2607. Pendent jurisdiction over plaintiff's state law claims is proper pursuant to 28 U.S.C. § 1367.

## THE PARTIES

6. The Plaintiff is a resident of the United States and the State of New York and resides in the County of Nassau, State of New York.

7. Upon information and belief, Defendants County of Nassau and Nassau County Police Department are municipal corporations within the County of Nassau, State of New York.

8. Upon information and belief, Defendants Officer William Joie ("Joie"), and Police officers "John Doe" 1-4 is and was at all relevant times, employed by the Nassau County Police Department and/or the County of Nassau and have a principal place of business within the State of New York, County of Nassau.

9. The County of Nassau, acting in concert with the Nassau County Police Department and Police Officer Guy in the Driveway and Police Officers "John Does 1-4" are policymakers responsible for the operation of the County of Nassau and the Nassau County Police Department. In addition, they are sued in their official and individual capacities for their acts under color of law.

## FACTUAL ALLEGATIONS

10. On or about February 29, 2012, upon returning to his home within the County of Nassau, Plaintiff was physically assaulted in his driveway by Defendant Joie.

11. Specifically, Defendant Joie, who at the time was an off duty Nassau County Police Officer, came up from behind Plaintiff, and violently punched Plaintiff in the head as he was exiting his vehicle. Defendant Joie repeatedly punched and kicked Plaintiff while he was held up against his garage.

12. As a result, Plaintiff sustained injuries to his person, including, but not limited to, cuts and abrasions upon his head, face and body.

13. After the aforesaid assault, plaintiff took out his cellular telephone to call 911 police emergency response.

14. Officer Joie began to mock Plaintiff, stating, "this is my precinct! What do you think they are going to do – help you!". Officer Joie then continued to verbally and physically abuse Plaintiff.

15. Officer Joie's certainty that officers of the Nassau County Police Department would not help Plaintiff who was being beaten evidences the policy and practice regarding the Defendants' deprivation of rights of the citizens of Nassau County as detailed below.

16. Shortly thereafter, three Nassau County Police Officers responded to Plaintiff's 911 call. These officers, Defendants "John Doe" 1-3, arrived at the scene and observed a beaten and bloodied Plaintiff with Defendant Joie.

17. Before they even spoke with Plaintiff, they warmly greeted Officer Joie by his first name and walked him away from Plaintiff.

18. When they returned to Plaintiff, Plaintiff requested that Defendant Joie be arrested.

19. Defendant John Does 1-3 advised Plaintiff that Defendant Joie was a police officer, and warned him that if he demanded a report be made, "we are going to arrest you and say that you did not give us your license upon request".

20. When Plaintiff responded that he had his license with him and no one had asked to see his license, the Defendants stated, "who do you think will be believed, four police officers, or you".

21. Plaintiff was further threatened that, "we're going to remember who you are and believe me, you're going to be sorry if you report this. We know where you

live!". They continued to laugh and make a joke out of this situation.

22. Plaintiff then retreated to his home, humiliated, intimidated, scared, terrorized, assaulted, and beaten.

23. Officer Joie was laughing and joking with the other officers and went home.

24. The following day, Plaintiff went to the offices of the Nassau County Internal Affairs Bureau, "IAB" to make a reprt.

25. He was interviewed by Defendants John Doe 4-5, Officers of the Nassau County Police Department. Once again, Plaintiff was discouraged from making a report. During the report, Plaintiff was warned, "if we find one factual discrepancy in your report, you are the one who will be arrested".

26. Upon information and belief, following Plaintiffs March 2, 2012 report to IAB and the Nassau County District Attorney, on or around March 3 or March 4, 2012, the Defendant Nassau County Police Department posted a bulletin to the entire precinct concerning Plaintiff. The bulletin advised all police to pay close attention to Plaintiff's vehicles and to pull over Plaintiff upon any suspicious activities. This heightened scrutiny is in direct retaliation for Plaintiff's report of the conduct alleged herein.

27. In addition, after Plaintiff filed reports with IAB and the Nassau County District Attorney, police cars repeatedly remained in front of his home and verbal threats were made to him.

28. The above represents a policy and conspiracy within the Defendants, particularly the Nassau County Police Department to chill reports of police officer

malfeasance, misconducts, and crimes.

## AS AND FOR A FIRST CAUSE OF ACTION
## 42 U.S.C. § 1983

29. Plaintiff reiterates, repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

30. Acting under color of state law, individually and in concert with one another, the defendants deprived plaintiff of rights, privileges and immunities secured by reason of the aforementioned actions, practices and customs of the defendants herein, plaintiff has been denied his constitutional rights of freedom of speech, liberty and association which are granted to him as a citizen of the United States under the federal constitution.

31. The aforementioned actions, practices and customs of the defendants herein have deprived plaintiff of his federal constitutional rights of free speech, liberty and free association under the color of state law in that defendants are themselves divisions and agents of New York State and the County of Nassau.

32. As a result of defendants' intentional, knowing and retaliatory violations of Plaintiff's civil rights, Plaintiff has been deprived of his liberty, and right to press charges for an assault against him and has been caused to sustain damages and emotional injury.

33. By virtue of the foregoing, plaintiff is entitled to money damages in the sum of at least $1,000,000.00 as and for compensatory and consequential damages.

34. The actions of the Defendants set forth herein were willful, intentional and

deliberate and were done with the intent to deprive the Plaintiff of his rights. By virtue of the foregoing Plaintiff is entitled to punitive and exemplary damages in the sum of $5,000,000.00 from each Defendant, plus interest, costs and attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION
## 42 U.S.C. § 1983 - Municipal Violations

35. Plaintiff reiterates, repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

36. Defendant Nassau County and the Nassau County Police Department, acting under color of state law, individually and in concert with one another and the other Defendants, the defendants deprived plaintiff of rights, privileges and immunities secured by reason of the aforementioned actions, practices and customs of the defendants herein, plaintiff has been denied his constitutional rights of freedom of speech and association which are granted to him as a citizen of the United States under the federal constitution.

37. The aforementioned actions, practices and customs of the defendant City of Long Beach have deprived plaintiff of his federal constitutional rights of free speech and free association under the color of state law in that the County is a division of New York State. The individual Defendants, all policy makers for the County, individually and collectively created, condoned, fostered and adopted this policy.

38. As a result of defendants' intentional, knowing and retaliatory violations of

-7-

Plaintiff's civil rights, Plaintiff has been caused to sustain monetary damages and emotional injury.

39. By virtue of the foregoing, plaintiff is entitled to money damages in the sum of at least $1,000,000.00 as and for compensatory and consequential damages.

40. The actions of the Defendants set forth herein were willful, intentional and deliberate and were done with the intent to deprive the Plaintiff of his rights. By virtue of the foregoing Plaintiff is entitled to punitive and exemplary damages in the sum of $5,000,000.00 from each Defendant, plus interest, costs and attorneys' fees.

## AS AND FOR A THIRD CAUSE OF ACTION
## 42 U.S.C. § 1985

41. Plaintiff reiterates, repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

42. Acting under color of state law and in concert with one another, the defendants knowingly conspired to deprive plaintiff of rights, priviliges and immunities secured by the United States Constitution, thereby violating plaintiff's civil rights under 42 U.S.C. § 1985, et seq., by retaliating against plaintiff based upon his exercising his rights. Such actions were taken with the open or implied consent of each defendant.

43. Each of the defendants agreed to, condoned and participated in this conspiracy by taking direct action in furtherance of the conspiracy or by knowing of the conspiracy and failing to take action to prevent it, despite having the authority to prevent same. Defendants' conspiracy to violate plaintiff's constitutionally protected rights was and is intended to retaliate against and punish Plaintiff for exercising his rights as described herein, to silence Plaintiff from exercising those rights, and to place a chilling effect upon others who may choose to exercise such rights.

44. By virtue of the foregoing, plaintiff is entitled to money damages in the sum of at least $1,000,000.00 as and for compensatory and consequential damages.

45. The actions of the Defendants set forth herein were willful, intentional and deliberate and were done with the intent to deprive the Plaintiff of his rights. By

virtue of the foregoing Plaintiff is entitled to punitive and exemplary damages in the sum of $5,000,000.00 from each Defendant, plus interest, costs and attorneys' fees.

## AS AND FOR A FOURTH CAUSE OF ACTION
## 42 U.S.C. § 1986

46. Plaintiff reiterates, repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

47. Acting under color of state law and in concert with one another, the individual defendants knowingly conspired and were aware of the conspiracy to deprive plaintiff of rights, priviliges and immunities secured by the United States Constitution, and neglected, refused, or failed to act to prevent same, despite having the power to prevent or aid in preventing the commission of same, thereby violating plaintiff's civil rights under 42 U.S.C. § 1986, et seq.

48. By virtue of the foregoing, plaintiff is entitled to money damages in the sum of at least $1,000,000.00 as and for compensatory and consequential damages.

49. The actions of the Defendants set forth herein were willful, intentional and deliberate and were done with the intent to deprive the Plaintiff of his rights. By virtue of the foregoing Plaintiff is entitled to punitive and exemplary damages in the sum of $5,000,000.00 from each Defendant, plus interest, costs and attorneys' fees.

## AS AND FOR A FIFTH CAUSE OF ACTION
### Violations of First, Fourth and Fourteenth Amendments

50. Plaintiff reiterates, repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

51. The defendants' actions violated plaintiff's rights to freedom of speech, liberty and freedom of association and to due process of law as secured by the First, Fourth and Fourteenth amendments to the United States Constitution.

52. Defendants' violation of Plaintiff's First, Fourth and Fourteenth Amendment rights was and is intended to punish Plaintiff for exercising his constitutionally protected rights, to silence Plaintiff from exercising those rights and to place a chilling efect upon others who may choose to exercise such rights.

53. By virtue of the foregoing, plaintiff is entitled to money damages in the sum of at least $1,000,000.00 as and for compensatory and consequential damages.

54. The actions of the Defendants set forth herein were willful, intentional and deliberate and were done with the intent to deprive the Plaintiff of his rights. By virtue of the foregoing Plaintiff is entitled to punitive and exemplary damages in the sum of $5,000,000.00 from each Defendant, plus interest, costs and attorneys' fees.

## AS AND FOR A SIXTH CAUSE OF ACTION
### ASSAULT

55. Plaintiff reiterates, repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

56. The actions of Defendant Joie, in beating, punching and kicking Plaintiff causing him injury constitutes assault.

57. By virtue of the foregoing, plaintiff is entitled to money damages in the sum of at least $1,000,000.00 as and for compensatory and consequential damages.

58. The actions of the Defendant Joie were willful, intentional and deliberate. By virtue of the foregoing Plaintiff is entitled to punitive and exemplary damages in the sum of $5,000,000.00 from Defendant Joie, plus interest, costs and attorneys' fees.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

59. Plaintiff reiterates, repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

60. The acts complained of herein were intentional and intended to cause, and did cause severe emotional distress.

61. By virtue of the foregoing, plaintiff is entitled to money damages in the sum of at least $1,000,000.00 as and for compensatory and consequential damages.

62. The actions complained of herein were willful, intentional and deliberate. By virtue of the foregoing Plaintiff is entitled to punitive and exemplary damages in the sum of $5,000,000.00 from Defendants, plus interest, costs and attorneys' fees.

WHEREFORE, plaintiff prays for entry of judgment in his favor and against defendants for damages as detailed above, plus interest, costs and attorneys' fess; and any such other and further relief as the court deems just and proper.

## JURY DEMAND

63. The Plaintiff demands trial by jury of all issues in this action.

DATED: Garden City, New York
        March 7, 2012

                              Respectfully submitted,

                              THE LAW OFFICES OF
                              KENNETH M. MOLLINS
                              Attorneys for the Plaintiff

By:     /s/
                JASON L. ABELOVE (JA-5327)
                666 Old Country Road
                Suite 301
                Garden City, New York 11530
                (516) 222-7000